a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| GURAMI CHIKVILADZE #A249-101-389,<br>Petitioner | CIVIL DOCKET NO. 1:25-CV-01112<br>SEC P |
| VERSUS | JUDGE EDWARDS |
| U S IMMIGRATION & CUSTOMS ENFORCEMENT ET AL,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Gurami Chikviladze ("Chikviladze"). Chikviladze is an immigration detainee at River Correctional Center in Ferriday, Louisiana. He seeks his release from detention.

Because additional information is necessary to evaluate Chikviladze's claims, he must AMEND the Petition.

I. Background

Chikviladze is a native and citizen of Georgia. ECF No. 1-2 at 3. He alleges that he entered the United States on September 13, 2023, and has been detained since. ECF Nos. 1 at 4; 1-2 at 3. Chikviladze asserts that he was granted withholding

of removal on August 15, 2024. ECF No. 1 at 4. The Department of Homeland Security ("DHS") filed an appeal, which was dismissed on March 11, 2025.[1]

## II. Law and Analysis

Ordinarily, when an individual is issued a final order of removal, that person must be removed from the country within 90 days. 8 U.S.C. § 1231(a)(1)(A). The 90-day removal period typically begins when the removal order becomes administratively final. *Id.* § 1231(a)(1)(B). Under § 1231(a)(6), the government is permitted to continue to detain individuals who are deemed "inadmissible" beyond the removal period, or it may release them under specified terms of supervision. *Id.* § 1231(a)(6); *see also* 8 U.S.C. § 1182 (identifying categories of immigrants who are "inadmissible").

The Constitution prohibits indefinite detention. Accordingly, detention beyond the 90 day removal period is only allowed for a period reasonably necessary to bring about that alien's removal from the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Detention for up to six months is presumed reasonable. *Id.*

After six months, if an alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing. The six-month presumption does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been

---

[1] https://acis.eoir.justice.gov/en/caseInformation/

determined that there is no significant likelihood of removal in the reasonably foreseeable future. *See Zadvydas,* 533 U.S. at 701.

Chikviladze does not provide the date his removal order was issued, so it is unclear when it became final. Nor does Chikviladze identify the country to which the Government is attempting to remove him or why that removal is unlikely to occur in the reasonably foreseeable future. Accordingly, Chikviladze must amend the Petition to state the date on which he was ordered removed; whether he appealed the removal order and, if so, the date the appeal was dismissed the country to which he is being removed; and why he believes his removal to that country is unlikely to occur in the reasonably foreseeable future.

III. Conclusion

Because additional information is needed to evaluate the Petition, IT IS ORDERED that Chikviladze AMEND the Petition within 30 days in accordance with the instructions outlined above.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Petitioner is further required to notify the Court of any change in his address under Rule 41.3 of the Local Rules for the Western District of Louisiana.

SIGNED on Thursday, August 28, 2025.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE