a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| GURAMI CHIKVILADZE #A249-101-389,<br>Petitioner | CIVIL DOCKET NO. 1:25-CV-01112<br>SEC P |
| VERSUS | JUDGE EDWARDS |
| U S IMMIGRATION & CUSTOMS ENFORCEMENT ET AL,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Gurami Chikviladze ("Chikviladze").  Chikviladze is an immigration detainee at River Correctional Center in Ferriday, Louisiana.  He seeks his release from detention.

Because the Petition was filed prematurely, it should be DISMISSED.

I.     Background

Chikviladze is a native and citizen of Georgia.  ECF No. 1-2 at 3.  He alleges that his detention has been continuous since he entered the United States on September 13, 2023.  ECF Nos. 1 at 4; 1-2 at 3.

On August 15, 2024, Chikviladze was ordered removed to Georgia.  ECF No. 7 at 5.  The immigration judge denied asylum, but granted withholding of removal.  ECF No. 1 at 4.  The Department of Homeland Security's ("DHS") appeal was dismissed on March 11, 2025, and the removal order became final.  ECF No. 7 at 8-

10. Chikviladze asserts that there is no significant likelihood of his removal to Georgia in the reasonably foreseeable future, and his continued detention is unconstitutional.

## II. Law and Analysis

Once an alien is ordered removed, DHS must physically remove him from the United States within a 90-day "removal period." 8 U. S. C. § 1231(a)(1)(A); *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021). The removal period begins on the latest of three dates: (1) the date the order of removal becomes "administratively final"; (2) the date of the final order of any court that entered a stay of removal; or (3) the date on which the alien is released from non-immigration detention or confinement. *Id.* at § 1231(a)(1)(B).

However, the United States Supreme Court has held that § 1231 permits the detention beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Detention for up to six months is presumptively reasonable. *Id.*

After six months, if an alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing. The six-month presumption does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. *See Zadvydas,* 533 U.S. at 701.

Chikviladze's removal order became final on March 11, 2025, when the BIA dismissed DHS's appeal. *See* 8 C.F.R. § 1241.1. The habeas Petition was filed August 4, 2025, prior to the expiration of the presumptively reasonable six-month detention period.

### III. Conclusion

Because Chikviladze's Petition was filed prematurely, IT IS RECOMMENDED that the Petition be DENIED and DISMISSED, WITHOUT PREJUDICE to refiling should his detention become prolonged.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error.

SIGNED on Monday, September 29, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE